IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Edith M. Farina, ) | CHAPTER 13 |
| ) | |
| Debtor. ) | Bankruptcy: 25-23144-MBK |
| ) | |
| Edith M. Farina, ) | |
| ) | |
| Plaintiff. ) | Adversary No.: 26-01002-MBK |
| ) | |
| ) | JUDGE: Michael B. Kaplan |
| v. ) | |
| New Rez LLC d/b/a Shellpoint Mortgage ) | Related Doc: 1 |
| Servicing, MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC. AS ) | |
| NOMINEE FOR COUNTRYWIDE HOME ) | |
| LOANS SERVICING, LP ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT [Doc. 1]

Defendant , NewRez LLC d/b/a Shellpoint Mortgage Servicing as servicer for The Bank of New York Mellon FKA the Bank of New York, as Trustee for the Certificate holders Of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2007-8 Mortgage Pass-Through Certificates, Series 2007-8, its successors and assigns ("Defendant "), by and through its undersigned counsel files its Answer to Plaintiff's, Edith M. Farina, ("Plaintiff/Debtor"), Complaint [Doc. 1], and states as follows:

### PRELIMINARY STATEMENT

1. Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint.

2. Many or all of Plaintiff's claims are barred by the doctrine of res judicata, collateral estoppel, prior final judgments, and/or prior orders entered in state court foreclosure proceedings and related litigation between the parties.

## **ANSWER TO NUMBERED ALLEGATIONS**

Defendant responds to the numbered paragraphs of the Complaint as follows. To the extent any allegation is not expressly admitted, it is denied.

Jurisdiction and Venue

1. Paragraphs 1–4 are legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over core bankruptcy matters but deny that Plaintiff is entitled to any relief.

Parties

5. Paragraph 5 is admitted upon information and belief.

6. Paragraph 6 is denied as stated. Defendant is the lawful holder and/or servicer of the subject mortgage loan.

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, it is denied.

8. Paragraph 8 is denied.

9. Defendant lacks knowledge or information sufficient to form a belief as to the identities of DOES 1–50 and therefore deny the same.

Factual Allegations

10–12. Paragraphs 10 through 12 are denied as stated. Defendant denies any allegation of fraud or wrongdoing in connection with the origination of the loan.

13–15. Defendant admits that the mortgage identifies MERS as nominee, but deny the remaining characterizations and legal conclusions.

16–25. Defendant denies that the recorded Assignment of Mortgage is forged, fraudulent, or

invalid, and deny each and every allegation of wrongdoing concerning the assignment.

26–28. Defendant denies the allegations that Countrywide lacked authority or that any assignment was void.

29–31. Denied.

32–34. Denied.

35–37. Denied.

38–43. Denied.

44–48. Denied.

49–51. Denied.

Counts I through VIII

As to each Count of the Complaint, including Counts I through VIII and the Prayer for Relief, Defendant denies that Plaintiff is entitled to any declaratory relief, damages, avoidance of liens, quiet title, or any other relief requested.

Defendant specifically denies:

- that the mortgage or note is unenforceable;

- that any assignment is void;

- that Plaintiff has standing to challenge assignments;

- that Defendant violated the FDCPA, RESPA, TILA, or any other statute;

- that Defendant engaged in fraud, RICO violations, or any misconduct; and

- that Plaintiff has suffered any compensable damages.

## **AFFIRMATIVE DEFENSES**

Without assuming the burden of proof where it otherwise rests upon Plaintiff, Defendant asserts the following affirmative defenses:

FIRST AFFIRMATIVE DEFENSE – RES JUDICATA

The Complaint and all claims asserted therein are barred, in whole or in part, by the doctrine of res judicata. Plaintiff previously litigated, or had a full and fair opportunity to litigate, the validity of the mortgage, the standing of Defendant, the enforceability of the note, and related issues in prior state court foreclosure proceedings and/or prior bankruptcy proceedings, which resulted in judgments and orders on the merits.

Those prior judgments involve the same parties or their privies and the same transactional nucleus of facts. Plaintiff is therefore precluded from relitigating these matters in this adversary proceeding.

SECOND AFFIRMATIVE DEFENSE – COLLATERAL ESTOPPEL

Plaintiff's claims are barred by collateral estoppel/issue preclusion because the issues raised were actually litigated and necessarily determined in prior judicial proceedings.

THIRD AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS

Many of Plaintiff's claims are barred by the applicable statutes of limitation.

FOURTH AFFIRMATIVE DEFENSE – LACK OF STANDING

Plaintiff lacks standing to challenge the validity of mortgage assignments or transfers to which she/he was not a party.

FIFTH AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

The Complaint fails to state a claim upon which relief can be granted.

<u>SIXTH AFFIRMATIVE DEFENSE – WAIVER, LACHES, AND ESTOPPEL</u>

Plaintiff's claims are barred by waiver, laches, estoppel, and unclean hands.

<u>SEVENTH AFFIRMATIVE DEFENSE – GOOD FAITH</u>

Defendant acted at all times in good faith and in accordance with applicable law and contractual rights.

<u>EIGHTH AFFIRMATIVE DEFENSE – PRIOR PAYMENT HISTORY AND DEFAULT</u>

Plaintiff defaulted under the terms of the loan, and Defendant were entitled to enforce their contractual and statutory remedies.

<u>NINTH AFFIRMATIVE DEFENSE</u>

Defendant reserves the right to assert additional affirmative defenses as they become known through discovery.

---

**PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that this Court:

A. Dismiss the Complaint with prejudice in its entirety;

B. Enter judgment in favor of Defendant and against Plaintiff;

C. Determine that Plaintiff's claims are barred by res judicata and collateral estoppel;

D. Award Defendant costs and attorneys' fees to the extent permitted by law; and

E. Grant such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: 02/03/2026 | McCalla Raymer Leibert Pierce, LLP |
| By: | */s/Aleisha   Jennings* |
| | Aleisha   Jennings |
| | New Jersey Bar No. 049302015 |
| | Attorney for Defendant |
| | 485F US Highway 1 S, Suite 300 |
| | Iselin, NJ   08830 |
| | Phone: 732-692-6871 |
| | Email: aleisha.jennings@mccalla.com |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on 02/03/2026 as follows:

By First Class U.S. Mail to:

Edith M. Farina, Plaintiff
35 Mahlon Court
Toms River, NJ 08753

By Electronic Notice to:

Eric S Landau
Law Office of Eric S. Landau
50 Fountain Plaza
Suite 1400
Buffalo, NY 14202

By:   */s/Aleisha   Jennings*
        Aleisha   Jennings